IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF OHIO
EASTERN DIVISION

| | |
|---|---|
| CENTRALSQUARE TECHNOLOGIES, LLC ) | |
| ) | |
| Plaintiff, ) | CIVIL ACTION NO. 25-cv-00774 |
| ) | |
| v. ) | JURY TRIAL DEMANDED |
| ) | |
| THE NATIONAL BOARD OF BOILER AND ) | |
| PRESSURE VESSEL INSPECTORS ) | |
| ) | |
| Defendant. ) | |

**COMPLAINT FOR PATENT INFRINGEMENT**

Plaintiff CentralSquare Technologies, LLC ("CentralSquare") files this Complaint for Patent Infringement against Defendant, The National Board of Boiler and Pressure Vessel Inspectors ("NBBI") and alleges as follows:

**NATURE OF THE ACTION**

1. This is an action for patent infringement arising under the patent laws of the United States, Title 35, United States Code, of U.S. Patent No. 7,181,304 (the "'304 patent"), owned by Plaintiff. Plaintiff asserts the '304 patent against Defendant NBBI for, *inter alia*, making, using, offering to sell, selling, and/or importing of instrumentalities practicing the subject matter claimed in the '304 patent.

**JURISDICTION AND VENUE**

2. This action arises under the patent laws of the United States, Title 35 U.S.C §§ 1, *et seq*. This Court has subject matter jurisdiction under 28 U.S.C. §§ 1331 and 1338(a).

3. This Court has personal jurisdiction over Defendant, at least because Defendant is incorporated in the State of Ohio.

4. This Court has personal jurisdiction over Defendant, at least because Defendant's principal place of business is in this District.

5. This Court has personal jurisdiction over Defendant because Defendant has established minimum contacts with the forum such that the exercise of personal jurisdiction over Defendant will not offend traditional notions of fair play and substantial justice.

6. On information and belief, Defendant has regularly and purposefully availed itself of the privilege of conducting business activities within Ohio and this Judicial District. On information and belief, Defendant has purposefully availed itself of the rights and benefits of Ohio law and has engaged in systematic and continuous contacts with Ohio. On information and belief, Defendants derive substantial revenue from the sale of infringing products and/or services in Ohio and have availed themselves of the privilege of conducting business within Ohio.

7. On information and belief, personal jurisdiction is proper because Defendant has committed acts of infringement in this Judicial District. This Court has personal jurisdiction over Defendant because, *inter alia*, this action arises from activities Defendant directed towards Ohio.

8. On information and belief, Defendant has appointed Joel T. Amato, 1055 Crupper Avenue, Columbus, OH 43229, as its registered agent.

9. For these and other reasons that will be presented to the Court if jurisdiction is challenged, the Court has personal jurisdiction over Defendant.

10. Venue is proper in this District pursuant to 28 U.S.C. §§ 1391(b), 1391(c), and 1400(b) at least because Defendant is incorporated in the State of Ohio and Defendant's principal

place of business is in this District, and the infringing activity has occurred and continues to occur in this Judicial district.

## THE PARTIES

11. CentralSquare is a Delaware corporation with its principal place of business located at 1000 Business Center Drive, Lake Mary, FL 32746.

12. On information and belief, Defendant NBBI is an Ohio corporation with its principal place of business located at 1055 Crupper Avenue, Columbus, OH 43229. NBBI has appointed Joel T. Amato, 1055 Crupper Avenue, Columbus, OH 43229, as its registered agent for service of process.

## FACTUAL BACKGROUND

13. The United States Patent and Trademark Office ("USPTO") lawfully issued the '304 patent on February 20, 2007. The patent is entitled "System and Method for Online Jurisdiction Manager." A true and correct copy of the '304 patent is attached hereto as **Exhibit A**

14. CentralSquare is the exclusive licensee of the '304 patent and is thus the owner of all substantial rights in the '304 patent and thus holds the right to sue and recover damages for infringement of the '304 patent.

15. The '304 patent expired on October 3, 2024.

### Plaintiff CentralSquare Technologies, LLC

16. CentralSquare Technologies, LLC is an industry leader in public sector software. CentralSquare is the owner of the Jurisdiction Online software suite ("Jurisdiction Online"), which is an embodiment of the '304 patent. Jurisdiction Online was founded and launched in the

year 2000. Jurisdiction Online has been a registered trademark in the United States since 2003. CentralSquare acquired the Jurisdiction Online platform on July 4, 2018.

**JUSTIA Trademarks**

**JURISDICTION ONLINE - Trademark Details**

*Status:* 800 - Registered And Renewed

# JURISDICTION ONLINE

| Serial Number | 76407108 |
|---|---|
| Registration Number | 2700074 |
| Word Mark | JURISDICTION ONLINE |
| Status | **800** - Registered And Renewed |
| Status Date | 2012-08-07 |
| Filing Date | 2002-05-13 |
| Registration Number | 2700074 |
| Registration Date | 2003-03-25 |
| Mark Drawing | **1000** - Typeset: Word(s)/letter(s)/number(s) Typeset |
| Published for Opposition Date | 2002-12-31 |
| Attorney Name | Shanti Sadtler Conway |
| Law Office Assigned Location Code | L20 |
| Employee Name | SAITO, KIM TSUKIYO |

17. Jurisdiction Online helps governments and insurance companies regulate potentially dangerous equipment by tracking the registration and inspection of boilers, pressure vessels, elevators, and other types of equipment that is required by law to be inspected. Introduced in 2000, Jurisdiction Online was one of the earliest online inspection software products that included a shared database to allow for the easy transfer of information and records between entities. Jurisdiction Online maintains a shared database that allows for data sharing between regulators, insurance companies, inspectors, and repair workers to facilitate the

regulatory process. Data is shared across state and county lines to ensure accurate and efficient inspection and regulation.

18. The shared database, maintained by Jurisdiction Online, is accessible via an online portal.

[Screenshot of Jurisdiction Online login portal with Username and Password fields, Forgot Password? link, Login button, and text: "Problems logging in? Click here for more info. Your use of Jurisdiction Online's systems and services will constitute your acceptance, acknowledgement and agreement to be bound by all Terms and Conditions of Jurisdiction Online's Service Agreement. Please refer to our Service Agreement for further information. If you have any questions, please email us at JO-Support@CentralSquare.com"]

19. Prior to Jurisdiction Online, inspection information was maintained in paper files, or in unshared databases maintained by local governments, state governments, and insurance companies. Record sharing, if it occurred at all, was a time consuming and tedious process that could take days or even weeks.

20. Jurisdiction Online was one of earliest online inspection software products that included a shared database to allow for the easy transfer of information and records between entities. By creating a system with a shared database, the chance of equipment falling through the cracks, missing required inspections, and then failing and potentially injuring members of the public was greatly decreased. Jurisdiction Online was a pioneering system in online inspection software and has been adopted by 33 state regulatory agencies, over 90 local jurisdictions, and

multiple fortune 500 companies. As of 2024, 13 of 13 insurance carriers that operated boiler/pressure vessel insuring units utilized Jurisdiction Online. In 2024 alone, Jurisdiction Online assisted in the completion of approximately 1,078,198 inspections, processed approximately $63,428,755.83 in invoices, managed the inspection of approximately 2,738,392 objects, and issued over one million permits. The Jurisdiction Online software is the subject of the '304 patent.

### Defendant NBBI

21. The National Board of Boiler and Pressure Vessel Inspectors ("NBBI") is an organization of boiler and pressure vessel inspectors. National Board members are the chief boiler and pressure vessel inspectors representing most states and all provinces of North America, and many major cities in the United States. Members oversee adherence to laws, and regulations related to pressure equipment.

22. According to the 2022 Summer Edition of NBBI's Bulletin, NBBI announced the Jurisdictional Reporting System ("JRS"). **Exhibit B.**

23. According to the 2023 Summer Edition of NBBI's Bulletin, the Jurisdictional Reporting System ("JRS") "went live" in June of 2023. **Exhibit C.**

24. The JRS system directly infringes at least claim 1 of the '304 patent.

### FIRST COUNT FOR PATENT INFRINGEMENT OF US PATENT NO. 7,181,304

25. CentralSquare repeats and realleges each and every allegation set forth in the above paragraphs and incorporates them by reference herein.

26. The '304 patent is valid and enforceable. The combination of elements described and claimed in the '304 patent was unknown in the prior art and provided significant advantages over existing systems.

27. By way of example, claim 1 of the '304 patent addresses technical problems and provides "a method for managing required inspections of inspectable objects." '304 patent, Ex. A, 28:59-64. As one nonlimiting example, prior systems for managing inspections required "paper forms supplied by the jurisdiction in which the vessel is located." *Id.*, 1:63-64. "The paper flow method is very cumbersome, time consuming, inefficient, and involves many steps. The process has a high cost related to the submission of inspection data including the costs associated [with] the mailings, filings, routing, reviews, and lost paperwork." The claimed method overcomes these problems by providing "an efficient, economical process for the transfer of information between jurisdictions and the entities that . . . perform required [inspections]" in the form of a "centralized, and web enabled process for the transfer of data between multiple jurisdictions and multiple entities." *Id.*, 3:6-17.

28. Defendant has infringed at least claim 1 of the '304 patent in violation of at least 35 U.S.C. § 271 by practicing a method of managing required inspections of inspectable objects as claimed in the '304 patent. Defendant's infringing instrumentalities include but are not limited to the JRS product. A claim chart comparing claim 1 to the JRS product is attached as **Exhibit D**.

29. Defendant has indirectly infringed and continues to indirectly infringe at least claim 1 of the '304 patent under 35 U.S.C. § 271, either literally and/or under the doctrine of equivalents, by actively inducing its customers to use the Accused Instrumentalities, including without limitation the JRS product, to directly infringe the '304 patent.

30. Defendant has contributed to the infringement of, and continues to contribute to the infringement of, at least claim 1 of the '304 patent under 35 U.S.C. § 271, either literally and/or under the doctrine of equivalents, by selling, offering to sell, and/or importing within or into the United States the Accused Instrumentalities, including without limitation the JRS

-7-

product. These instrumentalities constitute a material part of the invention of the '304 patent, are known by Defendant to be especially made or adapted for use in infringing the patent, and are not a staple article or commodity of commerce suitable for substantial noninfringing use.

31. Defendant has contributed to the infringement of, and continues to contribute to the infringement of, at least claim 1 of the '304 patent under 35 U.S.C. § 271, either literally and/or under the doctrine of equivalents, by supplying or causing to be supplied in or from the United States the Accused Instrumentalities, including without limitation the JRS product. These instrumentalities constitute a material part of the invention of the '304 patent, are known by Defendant to be especially made or adapted for use in infringing the patent, and are not a staple article or commodity of commerce suitable for substantial noninfringing use.

32. Central Square has sustained damages as a direct and proximate result of NBBI's infringement of the '304 patent.

33. Claim 1 of the '304 patent is a method claim. As such, the notice provisions of 35 U.S.C. § 287(a) do not apply. 35 U.S.C. § 287(b)(1); *Bandag, Inc. v. Gerrard Tire Co.*, 704 F.2d 1578, 1581 (Fed. Cir. 1983). Plaintiff is entitled to recover damages under 35 U.S.C. § 284 to adequately compensate for Defendant's infringement.

34. Defendant's conduct in infringing the '304 patent renders this case exceptional within the meaning of 35 U.S.C. § 285.

**PRAYER FOR RELIEF**

Wherefore, Plaintiff CentralSquare demands judgment against Defendant NBBI and respectfully requests that this Court Orders:

A. A judgment against NBBI as to infringement of one or more claims the '304 patent.

B. A judgment against NBBI for money damages sustained as a result of Defendant's infringement during the term of the '304 patent, as provided by 35 U.S. Code § 286, in an amount to be determined at trial as provided under 35 U.S.C. § 284, including enhanced damages due to, for example, Defendant's willful infringement of the '304 patent;

C. An accounting for infringing sales not presented at trial and an award by the Court of additional damages for any such infringing sales;

D. An award of pre-judgment and post-judgment interest on the damages caused by NBBI's infringing activities and other conduct complained of herein;

E. A finding that this case is an exceptional case under 35 U.S.C. § 285;

F. An award of reasonable attorneys' fees and costs incurred in connection with this action; and

G. Any and all other relief as the Court finds just and proper.

Dated: July 11, 2025                                  Respectfully submitted,

/s/ Jonathan J. Fagan
Jonathan J. Fagan (OH Bar No. 100371)
jonathan.fagan@finnegan.com
FINNEGAN, HENDERSON, FARABOW,
  GARRETT & DUNNER LLP
901 New York Avenue, NW
Washington, D.C. 20001-4413
Phone: (202) 408-4000

Lionel M. Lavenue (*pro hac vice*)
lionel.lavenue@finnegan.com
FINNEGAN, HENDERSON, FARABOW,
  GARRETT & DUNNER LLP
1875 Explorer Street, Suite 800
Reston, VA 20190-6023
Phone: (571) 203-2700

**Attorneys for Plaintiff**
**CENTRALSQUARE TECHNOLOGIES, LLC**