IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF OHIO
EASTERN DIVISION

CENTRALSQUARE
TECHNOLOGIES, LLC,

        Plaintiff,

    v.                          Civil Action 2:25-cv-774
                                   Judge Algenon L. Marbley
                                   Magistrate Judge Kimberly A. Jolson

THE NATIONAL BOARD OF
BOILER AND PRESSURE VESSEL
INSPECTORS,

        Defendant,

## OPINION & ORDER

Before the Court is Defendant's Motion to Stay Discovery.  (Doc. 48).  For the following reasons, the Motion is **GRANTED**.

## I. PROCEDURAL BACKGROUND

This case is about Defendant's alleged infringement of Patent 7,181,304 ('304 patent") for Jurisdiction Online, "an online platforms that streamlined the inspection process of boilers, pressure vessels, elevators, and other equipment required to be inspected by law."  (Doc. 42 at 1–2).  Defendant filed a motion to dismiss the original complaint, asserting that '304 patent is patent-ineligible and invalid under 35 U.S.C. § 101.  (Doc. 14 at 3).  The Court agreed that Plaintiff's complaint was deficient.  (Doc. 42).  But the Court allowed Plaintiff to amend.  (*Id.* at 15).  Plaintiff filed an Amended Complaint several weeks later.  (Doc. 44).  Now, Defendant contends that the Amended Complaint did not cure the deficiencies the Court identified in the first complaint.  (Doc. 47 (motion to dismiss)).

Meanwhile, the Court set a case schedule that, among other things, imposed an August 11, 2026, fact discovery deadline.  (Doc. 18).  Defendant asks that the Court stay discovery while the

Court considers its new motion to dismiss. (Doc. 48). Plaintiff opposes the request, and the matter is ready for consideration. (Docs. 48, 50, 52).

## II.     STANDARD

"A district court has the inherent power to stay proceedings based on its authority to manage its docket efficiently." *Ohio Valley Bank Co. v. MetaBank*, No. 2:19-CV-191, 2019 WL 2170681, at *2 (S.D. Ohio May 20, 2019) (quotation marks and citations omitted). As is the case here, parties often file motions to stay discovery while a motion to dismiss is pending. *See Shanks v. Honda of Am. Mfg.*, No. 2:08-CV-1059, 2009 WL 2132621, at *1 (S.D. Ohio July 10, 2009) (noting that, "[t]his Court has had many occasions, over the years, to address the question of whether a stay of discovery should be imposed during the pendency of a motion to dismiss"). Generally, courts are reluctant to stay discovery in such a situation. *Id.*; *see also Ohio Valley Bank*, 2019 WL 2170681, at *2 (noting that "the Court has frequently found that the fact that a party has filed a case-dispositive motion is usually deemed insufficient to support a stay of discovery" (quotation marks and citation omitted)). In "special circumstances," however, a court may find a stay is appropriate. *Shanks*, 2009 WL 2132621, at *1.

Further, in considering a motion to stay discovery, "'a court weighs the burden of proceeding with discovery upon the party from whom discovery is sought against the hardship which would be worked by a denial of discovery.'" *Ohio Valley Bank*, 2019 WL 2170681, at *2 (quoting *Bowens v. Columbus Metro. Library Bd. of Trustees*, No. 2:10-CV-00219, 2010 WL 3719245, at *1 (S.D. Ohio Sept. 16, 2010)). The proponent of the motion "bears the burden of showing the need for the stay and that 'neither the other party nor the public will suffer harm from entry of the order.'" *Pres. Partners, Inc. v. Sawmill Park Props.*, LLC, No. 2:22-CV-477, 2023 WL 2943820, at *1 (S.D. Ohio Apr. 14, 2023) (citation omitted).

At base, courts have "broad discretion . . . to stay discovery until preliminary questions that may dispose of the case are determined." *Hahn v. Star Bank*, 190 F.3d 708, 719 (6th Cir. 1999).

## III.    DISCUSSION

Defendant argues that good cause supports a discovery stay pending consideration of its motion to dismiss. (*See* Doc. 48-1). It generally rests on the arguments presented in its motion to dismiss—that Plaintiff's Amended Complaint raises the same threshold patent-eligibility questions as before but does not go so far as to cure the Court-identified defects. (*Id.* at 3–5). Additionally, Defendant argues that Plaintiff will not be unduly prejudiced by a discovery stay and both sides would conserve time and resources. (*Id.* at 5). In opposition, Plaintiff argues that Defendant offers no more than a routine motion to dismiss that does not justify a discovery stay. (Doc. 50).

While Plaintiff's point about routine motions to dismiss is well taken, the posture of Defendant's motion to dismiss is unique. Rather than a "garden-variety" Rule 12(b)(6) motion, Defendant's renewed motion to dismiss comes after the Court already dismissed Plaintiff's original complaint. *Cf. Williams v. New Day Farms, LLC*, No. 2:10-CV-0394, 2010 WL 3522397, at *2 (S.D. Ohio Sept. 7, 2010). The motion raises the same threshold questions that the Court recognized Plaintiff's prior attempt could not clear. (*See generally* Doc. 47). And the motion, if granted again, would be case-dispositive. *Cf. SAP Am., Inc. v. InvestPic, LLC*, 898 F.3d 1161 (Fed. Cir. 2018) (affirming a district court's dismissal of a case where it found the patent at issue was invalid under 35 U.S.C. § 101)). Without commenting on the merits of the underlying motion to dismiss, the Court is persuaded that, taken together, these are "special circumstances" justifying a discovery stay.

Additionally, the Court is satisfied that Plaintiff will not suffer undue prejudice if discovery is stayed for a short while.  In particular, the parties have already exchanged some discovery (Doc. 48-1 at 5), so Plaintiff is not completely in the dark.  (*See also* Doc. 48-1 at 5 (Defendant's note that the patent at issue is expired so there is no injunctive relief available for Plaintiff to seek)).  Additionally, to the extent Plaintiff argues that a stay will impede the parties' ability to conduct meaningful mediation in June (Doc. 50 at 7), Plaintiff has not identified any discovery that it lacks in this respect.  The parties are more than welcome to agree among themselves to exchange mediation-specific discovery.[1]  Finally, while there is always a possibility that a stay will impact the preservation of evidence and information, as Plaintiff argues, the Court trusts that the parties will take seriously their preservation obligations during a brief stay.  On the other side, a short discovery stay would ensure that potentially costly claim construction discovery, depositions, and expert discovery will only happen if necessary.  (*See* Doc. 52 at 3–4; *see also* Doc. 45).  Said another way, a discovery stay will reduce the burden of litigation for both sides and conserve judicial resources.

In the end, the Court has broad discretion to stay discovery.  And these circumstances justify using that discretion.  For these reasons, the Court **GRANTS** Defendant's Motion to Stay Discovery.  (Doc. 48).  Discovery is **STAYED** pending the resolution of Defendant's motion to dismiss (Doc. 47).  If this case remains open following the Court's decision, the parties are **ORDERED** to confer on a case schedule and file a joint status report proposing case deadlines **within ten (10) days** of the date of that decision.

---

[1] Plaintiff's other argument that a discovery stay will impede a related trade secret action pending in the Middle District of Florida is not well taken, as it is unclear why a stay in this case means Plaintiff would be unable to proceed with discovery in that case.  (Doc. 50 at 7).

**IV.     CONCLUSION**

For the foregoing reasons, the Court **GRANTS** Defendant's Motion to Stay Discovery (Doc 48).  The parties are **ORDERED** to file a proposed case schedule within 10 days of the Court's decision on Defendant's pending motion to dismiss, if this case remains open.


IT IS SO ORDERED.

Date:   May 15, 2026                                    /s/ Kimberly A. Jolson
                                                       KIMBERLY A. JOLSON
                                                       UNITED STATES MAGISTRATE JUDGE